IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CEDRIC KIMBROUGH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 1:14-CV-79- WLS |
| | : | |
| WARDEN CEDRIC TAYLOR, *et al.*, | : | |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |
| | : | |

## ORDER

Plaintiff Cedric Kimbrough filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 8, 2014, this Court dismissed the complaint without prejudice. (ECF No. 6.) Judgment was entered the same day. (ECF No. 7.) Plaintiff then filed a Notice of Appeal and a Motion to Proceed *In Forma Pauperis* on Appeal from this Court's Order dismissing his Complaint which was denied. (ECF Nos. 8, 11.) On appeal, the Eleventh Circuit remanded the case for this Court to consider the limited issue of whether the letter Plaintiff filed on August 10, 2014, which it found should have been construed as a motion for extension of time to appeal, is merited. (ECF No. 13.)

The record reveals that this Court dismissed Plaintiff's § 1983 complaint for his failure to state a claim upon which relief could be granted.[1]  Pursuant to Federal Rules of Civil Procedure Rule 4, Plaintiff had thirty days from the date of judgment to file his notice of appeal. In this case, that meant that Plaintiff had until August 8, 2014, to file his notice of appeal. Rule 5 of the Federal Rules of Civil Procedure, however, states that

(A) The district court may extend the time to file a notice of appeal if:

---

[1] One claim was dismissed because it was filed outside of the statute of limitations.

>(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff alleged in his motion for extension of time, which was signed on August 5, 2014, but not put in for mailing until August 11, 2014, that he was unable to have his notice of appeal notarized until August 11, 2014.  (ECF No. 8.)   However, there is no requirement in the United States District Court for the Middle District of Georgia that a notice of appeal be notarized. Thus, Plaintiff, who acknowledges that he received the judgment in this case on July 28, 2014, could have timely filed his notice of appeal.  Plaintiff chose to wait to file his appeal notice. As such, Plaintiff's motion for extension of time is without merit and is thus **DENIED.**

    **SO ORDERED**, this   22nd    day of October, 2014.

        /s/ W. Louis Sands
        **W. LOUIS SANDS, JUDGE**
        **UNITED STATES DISTRICT COURT**